## 35192. GRIFFIN v. CHATHAM COUNTY.

HILL, Justice.

We are informed that this is the oldest legal controversy in the history of this state. It involves the housing of prisoners in Savannah, Chatham County, Georgia.

Over 150 years ago, the Chatham Superior Court held that the city must surrender the jail to the sheriff.

---

*State v. Mayor &c. of Savannah,* R.M. Charlton, 250 (1823).[1] An 1834 statute returning the jail to the city was upheld in *State v. Dews,* R.M. Charlton, 397 (1835). The jail was returned to the county in 1881. Ga. L. 1881, p. 393. This resolved the controversy for almost a century.

In July, 1976, the City of Savannah and Chatham County entered into a contract in which the county agreed to house, maintain and confine city prisoners at the county jail. Upon the sheriff's refusal to accept all city prisoners, the county filed a mandamus petition against the sheriff. At trial the sheriff contended he had no duty and had insufficient personnel to confine city prisoners. The trial court granted the mandamus.

The sheriff argues on appeal that he had no statutory duty to accept all city prisoners and that the county commissioners have no authority to require him to do so. We affirm the judgment of the trial court, and hold that the sheriff must accept the city prisoners. Code Ann. §§ 77-101;[2] 77-9902;[3] 24-2813(8);[4] Ga. L. 1903, p. 152;[5] Ga. L.

---

[1] The controversy was already mature in 1823, having been a legislative controversy since 1760. Watkins Digest, p. 65 (1800); Watkins Digest, p. 433 (1800); Clayton's Compilation 1800-1810, p. 5 (1812); Dawson's Compilation 1819-1829, p. 443 (1831).

[2] "Sheriffs are, by virtue of their offices, jailers of the counties, and have the appointment of jailers, subject to the supervision of the ordinary, as prescribed by law." Code Ann. § 77-101.

[3] "If any sheriff, . . . keeper of a jail, or other officer, whose duty it is to receive persons charged with, or guilty of, an indictable offense, shall refuse to receive and take charge of such person, he shall be punished by confinement and labor in the penitentiary for not less than two years nor longer than seven years, and shall be dismissed from office." Code Ann. § 77-9902.

[4] "It is the duty of the sheriff—. . . To perform such other duties as are or may be imposed by law, or which necessarily appertain to his office." Code Ann. § 24-2813(8).

[5] Ga. L. 1903, p. 152 provides in part: "Whenever any

1906, pp. 1033, 1034;[6] Ga. L. 1969, pp. 2857-2860;[7] Ga. L. 1881, pp.393,396;[8] Code Ann. § 2-6301(a).[9] See also *Brady v. Joiner,* 101 Ga. 190 (2) (28 SE 679) (1897). The sheriff's duty is clear and it was not error to issue the writ of mandamus.

*Judgment affirmed. All the Justices concur.*

---

person is convicted in the police court of the City of Savannah for a violation of any ordinance of said city, . . . and the sentence of said court is enforced by imprisonment, . . . such person may . . . be committed directly from said police court to said chain-gang into the custody of the county authorities of said county."

[6]Ga. L. 1906, pp. 1033, 1034 provides in part: "[S]aid recorder or other presiding officer of said court [the Police Court of Savannah] shall have the power to impose fines and inflict punishments for the violation of valid laws and ordinances of the city of Savannah . . . Said recorder . . . shall have power and authority to commit to the jail of Chatham County offenders against the laws of said State . . ."

[7]Ga. L. 1969, pp. 2857, 2860 provides in part: "The said Court [Municipal Court of Savannah] . . . shall have jurisdiction to take and entertain pleas of guilty and of nolo contendere in misdemeanor cases by consent of the defendant and to impose sentence as provided by law . . ."

[8]Ga. L. 1881, supra at p. 396 provides in part: "Said Commissioners [of Chatham County] shall have power to make proper rules and regulations for the government and control of said jail of Chatham County, and the prisoners and inmates therein, and, except as hereinbefore provided, are hereby invested with the management and care of said jail."

[9][A]ny city, town, municipality or county of this State may contract for any period not exceeding fifty years, with each other . . . for the use by such subdivisions . . . of any facilities or services of . . . any city, town, municipality, county . . . provided such contracts shall deal with such activities and transactions as such subdivisions are by law authorized to undertake." Code Ann. § 2-6301(a).

ARGUED SEPTEMBER 11, 1979 — DECIDED OCTOBER 16, 1979 —
REHEARING DENIED NOVEMBER 6, 1979.

*John R. Calhoun, Kran Riddle,* for appellant.
*Anton F. Solms, Jr., Falligant, Sims, Hunter & Donaldson, Alexander L. Zipperer,* for appellee.